PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the uncontested report of the referee. The referee recommends that Eimers be found guilty of numerous violations of The Florida Bar Integration Rule and The Florida Bar Code of Professional Responsibility and that Eimers be disbarred. We have jurisdiction, article V, section 15, Florida Constitution, and approve the referee’s findings of fact and adopt his recommendations as to guilt and discipline.
The bar filed a four-count complaint against Eimers. Copies of the complaint along with a request for admissions were sent by certified mail to Eimers at his branch offices in Key West and Miami, Florida. Eimers failed to respond to the complaint and request for admissions; thus, the matters contained therein were deemed admitted in accordance with Florida Rule of Civil Procedure 1.370. Although given notice of both the probable cause hearing before Grievance Committee “B” of the Eleventh Judicial Circuit and the final hearing before the referee, Eim-ers failed to appear at either proceeding.
After considering the pleadings and evidence, the referee made the following findings of fact concerning each count of the complaint:
[Count 1]
In summary, Ernest F. Stuart retained Respondent to represent him in the partition and sale of a parcel of residential property located in Miami, Florida. Stuart did not attend the closing and authorized Respondent’s presence on his behalf by executing a Power of Attorney. Stuart directed Respondent to deposit all of the sale proceeds due him into his savings account at the Coconut Grove Bank. Acting upon Respondent’s advice, Stuart executed a second Power of Attorney authorizing Respondent to take such action. On or about February 11, 1983, the closing was concluded with Respondent receiving, on behalf of Stuart, THIRTY-NINE THOUSAND NINE HUNDRED NINETY-SIX DOLLARS AND SIXTY-SEVEN CENTS ($39,-996.67). On February 24, 1983, EIGHTEEN THOUSAND DOLLARS ($18,-000), was deposited in Stuart’s savings account with TWENTY THOUSAND NINE HUNDRED NINETY-SEVEN DOLLARS NINETY-SIX CENTS ($20,-997.96), withheld by Respondent. Despite numerous phone calls and letters, Respondent has failed to either deposit any additional funds into Stuart’s savings account or respond to inquisitions made by Stuart.
[Count II]
Arnold Zimmerman, Officer of Mortgage Buyers of America was approached by Raymond MacDonald, on behalf of Effie Knowles, to sell a parcel of property located in the Bahamas. Zimmerman contacted Respondent who offered to represent Zimmerman as prospective purchaser along with Knowles as seller. Based upon Respondent’s representations that he did not perceive either an ethical or legal problem with his dual representation, Zimmerman mailed TEN THOUSAND DOLLARS ($10,000) to Respondent to be deposited in a trust account. Pursuant to a rescission clause in the contract for Purchase and Sale executed by the parties, Zimmerman at *149 tempted to rescind the contract and to secure a refund of the TEN THOUSAND DOLLARS ($10,000) on deposit with Respondent when closing of the contract had not been effected within one hundred twenty (120) days. Respondent neither returned said TEN THOUSAND DOLLARS ($10,000), contacted Zimmerman or closed the real estate transaction.
[Count III]
Henry Junco retained Respondent to represent him on a misdemeanor arrest charge in Broward County, Florida. The agreed upon fee of ONE THOUSAND DOLLARS ($1,000) was to include representation by Respondent through disposition at the trial court level. By the date of arraignment, Junco had paid Respondent FIVE HUNDRED DOLLARS ($500.00). Respondent told Junco, an out of state resident, that Junco need not be present at the arraignment and that Respondent would enter a written plea of not guilty for him. Respondent never appeared at said arraignment and a bench warrant was issued in Junco’s name for failing to appear. Respondent has never contacted Junco, who had to secure alternate counsel to clear up this matter.
[Count IV]
On December 22, 1982, Respondent was charged as co-conspirator in a multi-count federal indictment involving money laundering. On April 4, 1983, a bench warrant was issued for Respondent’s arrest due to his failure to appear. Frances X. Santana, a neighboring attorney of Respondent, received a confidential memorandum signed by Respondent saying that Respondent was concerned about his well being and safety. Furthermore, Santana reported that clients of Respondent were requesting their files.
On April 14, 1983, The Florida Bar petitioned for Appointment of Inventory Attorney with Matthew D. Margóles appointed as such.
On April 26, 1983, The Supreme Court of Florida temporarily suspended Respondent from the practice of law.
On July 26, 1983, Respondent was convicted, in absentia, on two counts of the Federal criminal indictment, 18 U.S.C. 371; 31 U.S.C. 5316, 5322(b); Respondent was sentenced to five (5) years on each count, each sentence to run consecutively. Additionally, Respondent was fined ONE HUNDRED THOUSAND DOLLARS ($100,000).
On August 30, 1983, The Florida Bar filed Notice of Felony Conviction with The Florida Supreme Court. On September 13, 1983, The Florida Supreme Court entered an Order effecting Respondent’s suspension from the practice of law due to the felony conviction.
In connection with Counts I and II the referee recommends that Eimers be found guilty of violating Florida Bar Integration Rule, article XI, Rule 11.02(4) (money or other property entrusted to an attorney for a specific purpose, including advances for costs and expenses, is held in trust and must be applied only to that purpose) and Disciplinary Rules 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct which is prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law), 9-102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive) of the Code of Professional Responsibility.
As to Count III, the referee recommends that Eimers be found guilty of violating Disciplinary Rules 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or *150 misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct which is prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law), 2-110(A)(2) (a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client), 2-110(A)(3) (a lawyer who withdraws from employment shall refund promptly any part of the fee paid in advance that has not been earned), 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him), 7-101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services), 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage his client during the course of a professional relationship).
In connection with Count IV, the referee recommends that Eimers be found guilty of violating Florida Bar Integration Rule, article XI, Rule 11.02(3)(a) (the commission by a lawyer of any act contrary to honesty, justice, or good morals) and Disciplinary Rules 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct which is prejudicial to the administration of justice), and 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law).
The referee recommends that Eimers be disbarred from the practice of law in the State of Florida. Having reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, Robert F. Eimers is disbarred from the practice of law in the State of Florida effective immediately. Judgment for costs in the amount of $639.70 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.